Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50334 | **DATE** | 1/22/2003 |
| **CASE TITLE** | Schneider vs. United Technologies Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is denied. Plaintiff is given fourteen days from the date of this order to amend her complaint consistent with this opinion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JAN 22 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1-22-03 | |
| /LC | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Jerrianne Schneider, as executor of the estate of James C. Schneider, has filed a single count complaint against defendant, United Technologies Corp. ("UTC"), in which she alleges UTC improperly denied benefits to James under a "Severance Pay Plan" ("Severance Plan") in violation of the Employee Retirement Income and Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Jurisdiction and venue are premised on 29 U.S.C. § 1132(e). Before the court is UTC's motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), respectively.

UTC first seeks to dismiss this case under Rule 12(b)(1) on the basis that Jerrianne lacks standing to pursue a claim for benefits under the Severance Plan because she was neither a plan "participant" nor a plan "beneficiary" as those terms are defined by ERISA. See 29 U.S.C. §§ 1002(7), (8). On the one hand, UTC is quite right that Jerrianne clearly is not a "beneficiary" of the Severance Plan and her arguments to the contrary are without merit. Although she claims in her brief she was a "named beneficiary of the life insurance proceeds" (Pl. Resp., p. 2), such a notion is belied by her own pleadings and the Severance Plan itself, which is attached to the complaint. The only thing her complaint says about this is that "Defendant's decision to deny Plaintiff[sic] his severance benefits including life and health insurance was arbitrary and capricious." (Compl. ¶ 18) Nowhere does Jerrianne allege she is a "named beneficiary of the life insurance proceeds," as she claims in her brief. More importantly, the Severance Plan by its own terms does not even provide life or health insurance as part of the severance benefits, but only a severance payment based on length of service and base weekly salary, with a minimum guarantee of at least two weeks salary. (Compl. Exh. A) Finally, there are no indication that James could designate anyone as a beneficiary under the Severance Plan or that the plan contained any sort of spousal or survivor benefit provision.

On the other hand, UTC's suggestion that Jerrianne is not a "participant" is equally dubious. It seems to argue that, simply because Jerrianne herself was not a participant under the Severance Plan, she has no standing to bring this suit. This clearly misses the point. Jerrianne is not suing on her own behalf, but solely on the behalf of her deceased husband's estate. And UTC does not at all deny (at least not in their pending motion to dismiss) that James was a participant in the Severance Plan. Nevertheless, UTC believes "the only situation in which an executor has been permitted to assert the deceased plan participant's ERISA claim is where the executor is merely continuing litigation filed by the participant prior to his death." (Def. Memo., p. 5) This is absurd and nothing in the cases UTC cites even remotely suggests such an illogical rule. To illustrate the absurdity of what UTC proposes, suppose a plan participant incurs various medical expenses covered under an ERISA health insurance plan, but then dies before the plan pays out the benefits for those expenses (and obviously before the participant himself can file a law suit against the plan). Under UTC's reasoning, the plan could simply deny those benefits with no further recourse available to the deceased participant's estate. Such a result is nonsensical and there are indeed plenty of cases in which a plan participant's estate initiates a law suit against the plan for the denial of plan benefits – cases without even a whisper about any problems regarding the jurisdictional issue of whether the plaintiff had standing to sue. See, e.g., Mansker v. TMG Life Ins. Co., 54 F.3d 1322 (8th Cir. 1995); Branch v. G. Bernd Co., 955 F.2d 1574 (11th Cir. 1992); Estate of Coggins v. Wagner Hopkins, Inc., 183 F. Supp. 2d 1126 (W.D. Wis. 2001).

Alternatively, UTC argues Jerrianne has pleaded herself out of court because the "plain language" of the Severance Plan "excludes Mr. Schneider's situation from coverage." In the court's opinion, however, a question of fact remains as to the exact nature of "Mr. Schneider's situation." According to the complaint, James worked as a network technician in the Information Technology ("IT") department at Hamilton Sundstrand Corporation, a wholly owned subsidiary of UTC. Effective January 1, 2000, UTC decided to oursource the Hamilton Sundstrand IT functions to an outside company by the name of Computer Science Corporation ("CSC"). James accepted CSC's offer of employment, with an effective termination date from Hamilton Sundstrand of December 31, 1999. (Compl. ¶¶ 4, 5, 10) Under the terms of the Severance Plan, a Hamilton Sundstrand employee was entitled to severance benefits if his employment was "terminated due to a layoff," which is defined as a "termination from full-time employment due to reorganization . . ., restructuring, [or any other listed reason]." (Compl. Exh. A) Assuming all of this as true, as the court of course must on a Rule 12(b)(6) motion, Jerrianne has adequately alleged that James was terminated from Hamilton Sundstrand due to the reorganization or restructuring of Hamilton Sundstrand's IT department, and, therefore, was entitled to benefits under the Severance Plan. Finally, UTC claims a specific exclusion in the Severance Plan denied benefits to employees whose jobs had been outsourced but Jerrianne has sufficiently alleged the amendment to the plan that retroactively added this exclusion is invalid.

Finally, UTC argues Jerrianne has named the wrong defendant. On this point, the court agrees, at least in part. The Seventh Circuit has continually noted that "ERISA permits suits to recover benefits only against the Plan as an entity," Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n.4 (7th Cir. 2001) (internal quotations and citations omitted), and has even said it is "silly not to name the plan as a defendant in an ERISA suit," Mein v. Carus Corp., 241 F.3d 581, 584-85 (7th Cir. 2001). Nevertheless, it has at the same time "allowed a suit for benefits to go forward with an employer named as the defendant when the employer was the plan administrator and the employer and the plan were otherwise closely intertwined." Neuma, 259 F.3d at 872 n.4 (citing Mein, 241 F.3d at 585). In this case, Jerrianne has not named the Severance Plan as a defendant; instead, she has named UTC, James' employer, as the only defendant, but has not alleged UTC was the plan administrator or that it was closely intertwined with the Severance Plan. Jerrianne is therefore given fourteen days from the date of this order to amend her complaint consistent with the just-cited precedent. This portion of UTC's motion to dismiss is accordingly denied without prejudice and Jerrianne's failure to amend her complaint as instructed may result in the dismissal of this case in its entirety.

For the reasons stated above, UTC's motion to dismiss is denied.